1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    ANTONIA GARCIA MENDOZA; and
     FRANCISCO MORENO MAGANA,                    NO:  1:15-CV-3009-TOR

8
                        Plaintiffs,             ORDER ON DEFENDANTS'
9                                               MOTIONS TO DISMISS

     v.
10
     BANK OF AMERICA HOME
11   LOANS; BANK OF AMERICA, N.A.;
     QUALITY LOAN SERVICE CORP
12   OF WASHINGTON; SELECT
     PORTFOLIO SERVICING; QBE
13   INSURANCE; BALBOA
     INSURANCE; and PARAGON
14   CLAIMS,

15                      Defendants.

16          BEFORE THE COURT are Defendant Select Portfolio Servicing, Inc.'s

17   Motion to Dismiss (ECF No. 21), Defendants QBE Insurance and Balboa

18   Insurance's Motion to Dismiss (ECF No. 23), Defendants Bank of America, N.A.,

19   and Bank of America Home Loan's Motion to Dismiss (ECF No. 24), and

20   Defendant Quality Loan Service Corp of Washington's Motion to Dismiss (ECF

     ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 1

No. 26).  Plaintiffs are proceding *pro se*.  Defendant Select Portfolio Servicing ("Select") is represented by J. Will Eidson and John E. Glowney.  Defendants QBE Insurance ("QBE") and Balboa Insurance ("Balboa") are represented by Jeremy H. Rodgers.  Defendants Bank of America, N.A. ("BANA"), and Bank of America Home Loans are represented by Daniel J. Gibbons.  Defendant Quality Loan Service Corp of Washington ("Quality") is represented by Thomas J. Moore.  The Court has reviewed the parties' briefing and the record, and is fully informed.

BACKGROUND

Plaintiffs' complaint seeking damages and injunctive relief was filed on January 14, 2015.  ECF No. 5.  Plaintiffs' claims are founded upon issues arising under their home mortgage and insurance.  *Id.*

Select filed a motion to dismiss on May 27, 2015.  ECF No. 21.  QBE and Balboa filed a motion to dismiss on April 10, 2015.  ECF No. 23.  BANA filed a motion to dismiss on April 21, 2015.  ECF No. 24.  Quality filed a motion to dismiss on April 23, 2015.  ECF No. 26.  Each Defendant has moved the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs filed a belated opposition to these motions on June 9, 2015, ECF No. 32, which the Court has fully considered.

//

//

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 2

1

FACTS

2          The following facts are drawn from Plaintiffs' complaint and are accepted as

3    true for the purposes of the instant motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

4    544, 556 (2007).  In 2007, Plaintiffs took out a loan for the purchase of a home.

5    ECF No. 5 at ¶ 2.  Plaintiffs executed a deed of trust encumbering the subject real

6    property located at 231 Windy Ridge Lane, Moxee, Washington, on January 18,

7    2007.  ECF No. 25-1.[1]   BANA assumed the original lender's interest in the

8    property and loan servicing activities in 2008.  ECF No. 5 at ¶ 5.[2]

9    [1] Although the court's review on a 12(b)(6) motion to dismiss is generally limited

10   to the contents of the complaint, "[a] court may consider evidence on which the

11   complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the

12   document is central to the plaintiff's claim; and (3) no party questions the

13   authenticity of the copy attached to the 12(b)(6) motion."  *Marder v. Lopez*, 450

14   F.3d 445, 448 (9th Cir. 2006).  "The court may treat such a document as 'part of

15   the complaint, and thus may assume that its contents are true for purposes of a

16   motion to dismiss under Rule 12(b)(6).'"  *Id*. (quoting *United States v. Ritchie*, 342

17   F.3d 903, 908 (9th Cir. 2003)).  Plaintiffs have not questioned the authenticity of

18   the deed of trust.

19   [2] Both the deed of trust and a 2011 assignment of the deed of trust identify

20   "Accredited Home Lenders, Inc." as the original lender.  ECF Nos. 25-1; 25-2.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 3

In 2009, BANA placed lender insurance upon the home with Balboa, a subsidiary of BANA . *Id.* at ¶ 8. In January 2011, the home suffered a fire. *Id.* at ¶ 9. On Blaboa's behalf, Defendant Paragon Claims appraised the damage in the amount of $19,000.00. *Id.* Plaintiffs contacted A-1 Construction and another unidentified construction company which both appraised the damage at $99,000.00. *Id.* at ¶¶ 10–11. After Plaintiffs complained of the first appraisal, Paragon Claims returned twice more, ultimately appraising the damage at $56,000.00. *Id.* at ¶ 12.

Shortly after the fire, the home "came under the possession of squatters" who remained in the home until evicted four months later. *Id.* at ¶ 13. The squatters caused "substantial damage" to the house. *Id.* Plaintiffs filed a new insurance claim with QBE, who by then had purchased Balboa from BANA. *Id.* QBE "has failed to repair the home after the squatter damage." *Id.* Plaintiffs contend they have spent $56,000.00 on repairs to the home that have not been repaid by the insurance companies and BANA. *Id.* at ¶ 51.

Plaintiffs, however, appear to assert they entered into a home loan with Countrywide Financial. ECF No. 5 at ¶¶ 2, 3, 41. Whether Plaintiffs originally signed loan documents with Countrywide Financial or with Accredited Home Lenders, Inc., is immaterial to the case before the Court because neither Countrywide nor Accredited Home Lenders is a defendant.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 4

In July 2012, BANA granted Plaintiffs a modification on their mortgage "on the following terms":

> The new amount of the mortgage payment would be decreased from [$]2,450 to [$]1,454.17 for the first three months of the modification. Upon the successful payment of the first three months the payments would remain at [$]1,454.17 for the life of the loan and some [$]77,000 in interests and fees would be waived, and there was also to be some capital relief but that was never announced.

*Id.* at ¶ 21.  There were problems with BANA's Bill Pay system which allegedly processed multiple automatic mortgage payments.  *Id.* at ¶ 23–28.

At some point, BANA transferred its interest in the subject property and its loan servicing activities to Select.  *Id.* at ¶ 38.  The interest and loan servicing were again transferred at some later date to Quality, who currently asserts an interest in the subject property and services the loan.  *Id.* at ¶¶ 39, 40.  It now appears that Plaintiffs are in default and that foreclosure proceedings have been initiated.  *See id.* at ¶ 49.

Plaintiffs filed bankruptcy on June 18, 2013.  See ECF No. 5 at ¶ 29; *In re: Mendoza, Antonia Garcia and Magana, Francisco Moreno*, No. 2:13-BK-2470-FLK13 (Bankr. E.D. Wash.).  The bankruptcy case was dismissed on August 1, 2013.  ECF No. 5 at ¶ 29; *In re: Mendoza*, at ECF No. 19.  Plaintiffs appealed, but that appeal was dismissed December 18, 2013.  See ECF No. 5 at ¶ 29; *Mendoza et al. v. Brunner*, No. 13-1499 (B.A.P. 9th Cir.), ECF No. 8.  That order of dismissal

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 5

was appealed to the Ninth Circuit Court of Appeals, where it remains pending. *In re: Antonia Garcia Mendoza, et al.*, No. 14-60026 (9th Cir.).

DISCUSSION

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the Plaintiffs' claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Naked assertion[s]," "labels and conclusions," or "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Johnson v.*

1  *City of Shelby*, 135 S.Ct. 346, 347 (2014) (per curiam) ("A plaintiff . . . must plead

2  facts sufficient to show that her claim has substantive plausibility.").

3       Generally, in assessing whether Rule 8(a)(2) has been satisfied, a court must

4  first identify the elements of the plaintiff's claim(s) and then determine whether

5  those elements could be proven on the facts pleaded. *See Iqbal*, 556 U.S. at 675.

6  While a plaintiff need not expressly identify a legal theory of liability, the plaintiff

7  must plead sufficient facts to establish the substantive plausibility of some claim of

8  liability. *See Johnson*, 135 S.Ct. at 347. In this evaluation, a court must accept all

9  factual allegations in the complaint as true and construe the pleadings in the light

10  most favorable to the party opposing the motion. *Sprewell v. Golden State*

11  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the court need not accept

12  "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678

13  (internal quotations and citation omitted). The Court considers each motion to

14  dismiss in turn.

15                    A. Select Portfolio Servicing

16       Select moves to dismiss all claims against it, arguing that Plaintiffs'

17  complaint "relate[s] to actions or inactions allegedly taken by Bank of America or

18  other defendants, not [Select]." ECF No. 21 at 3. Select argues further that the

19  complaint "does not include any specific claims [against Select], other than a

20  request for injunctive relief." *Id.* Indeed, Plaintiffs' complaint contains no

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 7

1   substantive allegations against Select.  It merely states that Select serviced the loan

2   at some point in time, but does not currently service the loan.  *See* ECF No. 5 at ¶¶

3   30, 38, 39, 40.

4          In their opposition briefing, Plaintiffs assert that Select "violate[d] the rights

5   of the Plaintiffs when they deliberately broke the standing rules that the filing of

6   Bankruptcy does provide an automatic stay in the status quo."  ECF No. 32 at ¶ 1.

7   "Therefore," Plaintiffs continue, "when [Select] accepted transfer of the loan from

8   [BANA] while knowing that [BANA] had presented the transfer after being served

9   with bankruptcy documents meant that [Select] did actions which violated the

10  breadth and spirit of the bankruptcy law."  *Id.*  In essence, Plaintiffs contend that

11  Select violated the automatic bankruptcy stay by accepting an interest in the

12  subject property and engaging in loan servicing activities.

13         The filing of a bankruptcy petition serves as an automatic stay of certain

14  activities in order to maintain the status quo of the debtor's estate and to ensure all

15  claims against the estate are brought in a single forum.  *See* 11 U.S.C. § 362; *Hillis*

16  *Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993).

17  During the pendency of a petition, no entity may, *inter alia*, commence legal

18  processes to recover a claim against the debtor; enforce a judgment against the

19  debtor; act to obtain possession of property, create or enforce a lien; or act to

20  collect or recover a prior claim against the debtor.  11 U.S.C. § 362(a).

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 8

While a bankruptcy stay may avoid the transfer of *property* from a bankruptcy estate, it does not impose restrictions against a party holding an interest in the debtor's property from transferring the *interest* in property to another party. *See* 11 U.S.C. §§ 362(b)(24), 544, 549.  The automatic bankruptcy stay does not prevent a party from transferring a note or deed of trust to other parties.  Select did not violate the bankruptcy stay by accepting an interest in the subject property or by subsequently transferring that interest to Quality.

Plaintiffs also assert in their opposition that Select was aware of "the fact that [BANA] had already agreed in writing to the modification of the terms of the mortgage," that the home's current value was only $225,000.00, and that "[a]lthough being informed of this fact, [Select] continued to harangue the Plaintiffs during the course of the bankruptcy proceedings."  ECF No. 32 at ¶ 2.  BANA's agreement to modify the terms of the mortgage and Select's valuation of the home do not create any sort of legal claim against Select.  Similarly, even taking Plaintiff's vague assertion as true that Select continued to "harangue" Plaintiffs in the modification of the loan terms, this is insufficient to establish the plausibility of any legal claim as Select no longer services the loan.

Plaintiffs have not pleaded facts sufficient to establish the plausibility of any claims against Select.  Furthermore, because Select does not currently have an interest in the subject property it would not be subject to any injunctive relief.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 9

Leave to amend the complaint as against Select would be futile.  As such, Select's motion to dismiss is granted.  *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).  All claims against Select are dismissed with prejudice.

### B. QBE Insurance and Balboa Insurance

QBE and Balboa argue that Plaintiffs' claims against them must be dismissed because the complaint fails to identify a legal theory and therefore QBE and Balboa "are unable to discern from the face of the Complaint what claims are being made."  ECF No. 23 at 5.  They also argue that the complaint is set forth in a "shotgun" style which "not only makes it impossible for Defendants to properly assess what causes of action the Plaintiffs are intending to assert against them, but also prevents the Defendants from evaluating whether or not Plaintiffs have stated a claim for each cause of action they are bringing or if any viable defenses are available for each claim."  *Id.* at 6.

In their complaint, Plaintiffs allege that Balboa and QBE "deliberately damaged the property by failing to provide the repairs that were necessary under the policies."  ECF No. 5 at ¶ 34.  In opposition, Plaintiffs clarify their claims against Balboa and QBE are founded on their "refus[al] to pay for the damage to be repaired."  ECF No. 32 at 12.

Drawing all inferences in Plaintiffs' favor, the complaint contains sufficient facts to establish a substantive plausibility that Balboa and QBE have not complied

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 10

1    with their duties under the applicable insurance policy or policies.  *See* ECF No. 5

2    at ¶¶ 9–13.  Plaintiffs have sufficiently informed Balboa and QBE of the facts of

3    this claim and this claim survives threshold dismissal under Rule 12(b)(6).  *See*

4    *Johnson*, 135 S.Ct. at 347.  The motion is denied to the extent Plaintiffs raise a

5    contractual claim under the insurance policies.

6        Plaintiffs' complaint also alleges that the insurance companies and BANA

7    committed fraud by creating a "process whereby [BANA] would refer claims to

8    [P]aragon Claims for investigation and Paragon Claims would neither be impartial

9    and could not be impartial since they are being paid by Balboa Insurance [which]

10   belongs to [BANA] and that they engaged in deliberately low-balling the prices for

11   repairs and further damaged the home by failing to repair the home . . . ."  ECF No.

12   5 at ¶ 36.

13       However, Plaintiffs have not pleaded their allegation of fraud in a

14   sufficiently detailed manner.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . , a

15   party must state with particularity the circumstances constituting fraud . . . .").

16   Nothing in the complaint states with particularity any fraudulent activities; the

17   complaint merely asserts without support that the business arrangement between

18   Balboa, BANA, and Paragon Claims is fraudulent.  This conclusory assertion is

19   insufficient to plead a claim for fraud.

20

Balboa and QBE's motion is granted to the extent Plaintiffs allege the companies participated in fraud with BANA and Paragon Claims.  However, it is not clear at this time that the complaint cannot be cured by including additional factual allegations and the Court therefore grants Plaintiffs leave to amend the fraud claim.  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (internal quotation marks omitted)).

### C. Bank of America, N.A.

BANA argues that Plaintiffs' complaint should be dismissed because "Plaintiffs do not offer any legal theories under which they seek relief, much less provide sufficient facts to state a claim that is plausible on its face."  ECF No. 24 at 10 (internal quotations omitted). [3]  Plaintiffs make numerous allegations against

---

[3] BANA also argues that Plaintiffs sued Bank of America Home Loans in error. ECF No. 24 at 2.  Plaintiffs have not responded to this issue and appear to conflate Bank of America, N.A., with Bank of America Home Loans.  *See* ECF No. 32. Accordingly, Bank of America Home Loans will be dismissed as erroneously named.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 12

BANA in their complaint.  The Court will examine each set of allegations in turn.

First, Plaintiffs allege in their complaint that BANA "had an affirmative duty to inform them that [Plaintiffs] had alternatives to lender placed insurance through the Bank's wholly owned subsidiary, Balboa [I]nsurance."  ECF No. 5 at ¶ 14.  Plaintiffs also allege that BANA provided "deliberate misleading information regarding forced placed insurance."  *Id.* at ¶ 35.[4]

The deed of trust expressly required Plaintiffs to maintain insurance on the home.  ECF No. 25-1 at 7.  The deed of trust affirmatively states that the insurance provided "*shall be chosen by Borrower* subject to Lender's right to disapprove Borrower's choice."  *Id.* (emphasis added).  It also explicitly states that in the event Plaintiffs fail to obtain insurance, the lender has a right to obtain insurance coverage at Plaintiffs' expense.  *Id.*  To the extent Plaintiffs contend that BANA acted in a misleading manner intending to cause Plaintiffs to believe they were required to purchase insurance from Balboa, the allegations are not pleaded with sufficient specificity.  *See* Fed. R. Civ. P. 9(b).  Accordingly, this claim is

---

[4] Plaintiffs further allege that they are due relief under a 2014 class-action settlement involving lender-placed insurance to which BANA was a party.  ECF No. 5 at ¶ 38.  Plaintiffs have not established this Court's jurisdiction to enforce a class-action settlement occurring in another court.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 13

dismissed.  It is not clear at this time, however, that the complaint cannot be cured by including additional factual allegations and the Court therefore grants Plaintiffs leave to amend this claim.  *See Doe*, 58 F.3d at 497.

Second, Plaintiffs allege that BANA "was a signatory to consent decrees regarding mortgages and was to provide relief to borrowers who were affected by the economic downturn brought on by the land bubble bust."  ECF No. 5 at ¶ 17. Plaintiffs allege further that BANA failed to offer "significant relief" due Plaintiffs under the consent decrees and that BANA deliberately acted to circumvent the consent decrees.  *Id.* at ¶¶ 31–33.  Plaintiffs allege, for instance, that BANA "merely shifted the loan to [Select] to avoid the consequences of its consent decree."  *Id.* at ¶ 38.

Plaintiffs have not identified any particular duty the consent decrees imposed upon BANA and for which BANA failed to provide Plaintiffs.  Moreover, Plaintiffs have not established the jurisdiction of this Court to enforce an unspecified class-action settlement occurring in another court.  All claims related to the consent decrees and settlements are dismissed, with leave to amend.

Third, Plaintiffs allege that once BANA "was served with the Bankruptcy Process the Bank had a duty to maintain the status quo and not transfer the loan to another servicer . . . ."  ECF No. 5 at ¶ 31.  As discussed above, the automatic stay in bankruptcy proceedings does not restrict a party from transferring its interest in

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 14

a debtor's property; only the debtor's interests in property are protected from transfer.  *See* 11 U.S.C. §§ 362, 544, 549.  Moreover, the automatic stay expires when the bankruptcy case is dismissed.  11 U.S.C. § 362(b)(2)(B).  Here, the stay only operated from June 18, 2013 to August 1, 2013.  All claims against BANA related to the transfer of its interests in the subject property and loan servicing allegedly in violation of the automatic stay are dismissed with prejudice.

Fourth, Plaintiffs contend that "the initial loan documents were fraud perpetrated by [BANA] and [BANA] is liable through its assumption of liability from Countrywide Lenders."  ECF No. 5 at ¶ 41.  Similarly, Plaintiffs contend that BANA is liable for "intentionally steering" Plaintiffs into a subprime mortgage.  *Id.* at ¶ 42–44.[5]

BANA, however, was not Plaintiffs' original lender and did not originate the loan or negotiate its terms.  *See id.* at ¶ 5.  Plaintiffs have not indicated how BANA may have assumed liability for the alleged wrongful actions of the originating

---

[5] Plaintiffs also allege that they are due relief under a 2011 settlement in which BANA and Countrywide agreed to settle claims arising from "discriminatory lending practices . . . where Countrywide deliberately discriminated against [Hispanics]. . . ."  ECF No. 5 at ¶ 41.  Once again, Plaintiffs have failed to establish the jurisdiction of this Court to enforce that settlement.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 15

lender, whether that is Countrywide or as the paperwork shows, Accredited Home Lenders. The naked assertion that BANA is liable for the wrongdoing of the originating lender in 2007 is insufficient to survive dismissal.[6] It is clear this claim cannot be saved by amendment. All claims relating to the origination of the loan are dismissed with prejudice.

Finally, Plaintiffs make general allegations that BANA's Bill Pay service processed occasional unauthorized loan payments, and that BANA was "supposed to be investigating the payment debacle." ECF No. 5 at ¶¶ 22–28, 31. However, Plaintiffs have not identified any injury suffered from the Bill Pay errors and they make no claim to relief due because of these errors. As such, Plaintiffs have not pleaded an actionable claim. As other factual allegations may cure this deficiency, the Court grants Plaintiffs leave to amend their complaint as to the Bill Pay claims. *See Doe*, 58 F.3d at 497.

### D. Quality Loan Servicing

Quality contends the complaint does not raise any allegations of wrong-doing on its part. ECF No. 26 at 2. Plaintiffs' complaint mentions Quality once in

---

[6] Even if BANA had assumed liability for wrongful actions relating to the origination of the loan in 2007, any contract or fraud claim would be barred by the statute of limitations at the time of filing this case in 2015. RCW 4.16.040, .080.

1    connection with the transfer of loan servicing from Select to Quality and once in

2    connection to a possible foreclosure sale of the subject property.  *See* ECF No. 5 at

3    ¶¶ 39, 40.

4        In opposition to Quality's motion, Plaintiffs contend that the transfer of the

5    loan servicing to Quality "deliberately broke the standing rules that the filing of

6    Bankruptcy does provide an automatic stay in the status quo."  ECF No. 31.  As

7    discussed previously, this transfer of an interest in the subject property is not

8    encompassed by an automatic bankruptcy stay.  *See* 11 U.S.C. § 362.  Any claim

9    related to the transfer of an interest in the subject property is dismissed with

10   prejudice.

11       Plaintiffs also allege that Quality has engaged in attempts to carry out a

12   foreclosure sale of the subject property.  *See* ECF Nos. 5 at ¶ 40; 32 at ¶ 10.

13       While Plaintiffs assert a foreclosure sale was previously scheduled for this

14   past February, ECF No. 5 at ¶ 49, this sale apparently did not take place.  In their

15   opposition, Plaintiffs assert that Quality "continue[s] to enforce a sale date" even

16   while Select is proceeding to enable a modification.  *Id*.

17       As such, Plaintiffs' complaint pleads insufficient facts to indicate that a sale

18   is scheduled in violation of any legal duty.  Accordingly, the claims against Quality

19   are dismissed.  However, the Court grants Plaintiffs leave to amend the complaint

20

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 17

to clarify the factual basis for any such a claim and the remedy sought.  *See Doe*, 58 F.3d at 497.[7]

### E. Plaintiffs' *Pro Se* Representation

BANA contends that this lawsuit has been filed and is currently being prosecuted by a third party, Wayne Rudder, on Plaintiffs' behalf.  ECF No. 24 at 4–6, 9–10.  Mr. Rudder has filed other lawsuits related to his alleged interest in the subject property.  *See Rudder et al. v. Farmers Ins. Co. et al.*, 2:10-CV-3101-LRS (E.D. Wash); *Rudder v. ANAC Ins. Co. et al.*, 6:13-CV-3315-JFM (W.D. Mo.). Mr. Rudder has also been adjudged a vexatious litigant for filing frivolous and malicious lawsuits.  *Marks v. United States*, 3:07-CV-5679-FDB (W.D. Wash.) at ECF No. 6.  As such, he has previously been denied leave to proceed *in forma pauperis*.  *Rudder v. Hines*, 1:14-CV-3153-LRS (E.D. Wash.) at ECF No. 6.

---

[7] Plaintiffs also allege in discussing Quality's liability that Plaintiffs are protected from foreclosure by "the many consent decrees signed by these same defendants." ECF No. 32 at ¶ 10.  There is no indication in the complaint or otherwise that Quality has signed any consent decrees from which Plaintiffs would benefit. Moreover, Plaintiffs have failed to establish the jurisdiction of this Court to enforce any such consent decree.

Plaintiffs do not dispute that they were deported in 2009 and are not currently located in the United States.  ECF Nos. 25-3; 25-4; 32 at ¶¶ 16–17. Plaintiffs contend in their opposition, however, that "the property was purchased by a family" and the family members "all have a legitimate right to the home." ECF No. 32 at ¶ 16.  Plaintiffs also indicate that Wayne Rudder, Rodelio Moreno Garcia, and Juan Diego Moreno Garcia have "power of attorneys over the home . . . that gives them a right to litigate the issues regarding the property."  ECF No. 32 at ¶ 19.  Nevertheless, Plaintiffs deny that Rudder has any involvement "in this matter at this point," pointing out that he is not a named party and has not filed a notice of appearance.  ECF No. 32 at ¶ 28.

Non-lawyers have no authority to prosecute lawsuits on behalf of other individuals even where the non-lawyer has been granted a power of attorney.  *See, e.g.*, *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).[8]  However, there is no bar against non-lawyers consulting *pro se* litigants so long as the *pro se* litigants, as the parties to the case, sign all pleadings submitted to the Court and

---

[8] The practice of law by non-lawyers is also a crime under Washington State law. RCW 2.48.180(3)(a).

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 19

appear before the Court on their own behalf.[9]  Should it become apparent that the named Plaintiffs are not conducting this case, the Court will consider an appropriate sanction. [10]

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss (ECF No. 21) is **GRANTED**.  All claims and causes of action against Select Portfolio Servicing, Inc., are **dismissed with prejudice**.  The Clerk of Court shall **terminate** Select Portfolio Servicing, Inc. from this case.

2. Defendants QBE Insurance and Balboa Insurance's Motion to Dismiss (ECF No. 23) is **GRANTED in part**. All claims of fraud against QBE Insurance and Balboa Insurance are **dismissed with leave to amend.** The breach of contract of insurance claim remains pending.

---

[9] The Court is concerned that Plaintiffs have not actually signed the pleadings in this case.  The Court notes that the signatures affixed to the Plaintiffs' pleadings before this Court do not match their signatures on the Deed of Trust, which were witnessed and affirmed by a notary public.  *Compare* ECF Nos. 5 at 14, 32 at 12, *with* ECF No. 25-1 at 15, 20.  The Court reserves ruling on this issue.

[10] Non-lawyers cannot appear in person or telephonically on behalf of *pro se* litigants.  *See Johns*, 114 F.3d at 876.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 20

3. Defendants Bank of America, N.A., and Bank of America Home Loan's Motion to Dismiss (ECF No. 24) is **GRANTED in part**.

    a.  Bank of America Home Loans is **dismissed** as erroneously named. The Clerk of Court shall **terminate** Bank of America Home Loans from this case.

    b.  All claims against Bank of America, N.A., relating to failing to inform and providing misleading information concerning lender placed insurance are **dismissed with leave to amend**.

    c.  All claims against Bank of America, N.A., relating to breach of any consent decree or settlement are **dismissed with leave to amend.**

    d.  All claims against Bank of America, N.A., relating to the transfer of interest in the subject property during the pendency of Plaintiffs' bankruptcy proceedings are **dismissed with prejudice**.

    e.  All claims of fraud in the origination of the loan against Bank of America, N.A., are **dismissed with prejudice.**

    f.  All claims against Bank of America, N.A., relating to erroneous Bill Pay payments are **dismissed with leave to amend**.

4. Defendant Quality Loan Service Corp of Washington's Motion to Dismiss (ECF No. 26) is **GRANTED in part**.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 21

    a.  All claims against Quality Loan Service Corp of Washington relating to the transfer of interest in the subject property during the pendency of Plaintiffs' bankruptcy proceedings are **dismissed with prejudice**.

    b.  All claims against Quality Loan Service Corp of Washington relating to a pending foreclosure sale are **dismissed with leave to amend**.

5.  Plaintiffs are **GRANTED** leave to file an amended complaint within **thirty (30) days** of the entry of this order to remedy the pleading defects that are discussed herein.

The District Court Executive is directed to enter this order, and provide copies to counsel for Defendants and to Plaintiffs.

**DATED** August 4, 2015.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 22